Colon v Fives 160th L.L.C. (2021 NY Slip Op 06752)





Colon v Fives 160th L.L.C.


2021 NY Slip Op 06752


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 159893/17 595888/18 Appeal No. 14749 Case No. 2020-03986 

[*1]Maritza Colon, Plaintiff,
v
Fives 160th L.L.C. et al., Defendants.
Fives 160th L.L.C., Third-Party Plaintiff-Respondent,
v
RB Mart Inc., Third-Party Defendant-Appellant.


The Law Offices of Michael Swimmer, New York (Robert M. Brigantic of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondent.



Order, Supreme Court, New York County (Robert David Kalish, J.), entered August 31, 2020, which granted defendant/third party plaintiff Fives 160th L.L.C.'s motion for summary judgment on its contractual indemnification claim against defendant/third party defendant RB Mart Inc. to the extent of granting conditional contractual indemnification, and denied RB Mart's cross motion for supplemental discovery, unanimously affirmed, without costs.
The court correctly found that § 10.3 of the lease imposed on tenant RB Mart the duty to maintain the sidewalk in front of the premises owned by Fives and leased by RB Mart. Section 9.2 of the lease granted Fives the right to "cause" others to maintain the sidewalk, which it did in § 10.3. Moreover, although § 10.1 of the lease obligated Fives to make certain stated structural repairs, repair of the sidewalk was not among them.
The indemnification clause in § 23.9 of the lease did not violate General Obligations Law § 5-321 because it did not relieve Fives of liability for its own negligence. Moreover, the lease mandated that RB Mart obtain insurance to allocate the risk of liability to a third person between RB Mart and Fives, which is permissible (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419 [2006]).
With respect to the cross motion, RB Mart was dilatory in seeking to compel production of the property management contract. Discovery is intended to cease upon the filing of a note of issue (see Arons v Jutkowitz, 9 NY3d 393, 411 [2007]). RB Mart failed to show unusual or unanticipated circumstances warranting post-note of issue discovery (22 NYCRR 202.21[d]),and it stipulated that discovery was complete prior to the filing of the note of issue.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021